IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

HAIPING PAN,

      Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

      Respondent.

OPINION AND ORDER

25-cv-860-wmc

_____

Petitioner Haiping Pan is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging an "unlawful order of expedited removal" entered against him by the Department of Homeland Security and officials with Immigration and Customs Enforcement. (Dkt. #1). After reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to § 2241 proceedings, the petition will be dismissed for the reasons explained below.

BACKGROUND

Petitioner, who is a citizen of China, is presently incarcerated as the result of a federal conviction for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. *United States v. Pan*, Crim. No. 1:19-220 (N.D. Ill.). He received a sentence of 120 months' imprisonment followed by a 3-year term of supervised release in a judgment entered on December 12, 2024. His projected release date is May 15, 2031.

Petitioner challenges a finding of inadmissibility made by ICE, which entered an expedited order of removal against him under Section 235(b)(1) of the Immigration and

Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1).  (Dkt. #1-1, at 2-3.)  Petitioner argues that he was "paroled" into the United States to face criminal charges and, therefore, his order of removal is invalid because § 1225(b)(1) does not apply to him.[1]  He argues further that this invalid removal order is being wrongfully applied to deny him First Step Act time-credits under 18 U.S.C. § 3632(d)(4)(E)(i) (prisoners subject to a final order of removal under any provision of the immigration laws are ineligible for time credits under this section), which has affected the length of imprisonment.

OPINION

Petitioner acknowledges that the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a)(2)(A), bars district courts from considering any issues pertaining to an order of removal.[2]  This statute strips jurisdiction from district courts and makes a petition for review to the applicable circuit court of appeals the "*sole and exclusive means* of judicial review" for orders

---

[1] *Montes Cabrera v. U.S. Dep't of Homeland Sec.*, No. 24-3079, 2025 WL 1009120, at *2 (7th Cir. Apr. 4, 2025) (holding that "[t]he term 'alien,' in fact, is defined by the Immigration and Nationality Act as 'any person not a citizen or national of the United States,' 8 U.S.C. § 1101(a)(3), and this definition applies to the entire Act, *id.* § 1101(a), including the jurisdictional exceptions set forth in § 1252(e)"); *see also Morales-Ramirez v. Reno*, 209 F.3d 977, 978 (7th Cir. 2000) (" 'Parole' into the United States allows an individual physically to enter the country, but it is not equivalent to legal entry into the United States."); *Montes v. Dep't of Homeland Sec.*, No. 25-cv-372-wmc, 2025 WL 1638439, at *2 (W.D. Wis. June 9, 2025) ("Parole grants an alien temporary entry into the United States for a certain purpose and can be terminated at any time . . . . Aliens paroled into the United States are considered 'arriving aliens' and applicants for admission. 8 U.S.C. § 1225(a)(1)[.]").

[2] Section 1252(a)(2)(A)(iii) states that "no court shall have jurisdiction over . . . the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title[.]"  Section 1252(e) precludes judicial review of "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter[.]"

2

of removal.  8 U.S.C. § 1252(a)(5) (emphasis added); *see also Padilla v. Gonzalez*, 470 F.3d 1209, 1214 (7th Cir. 2006) (finding that "Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administrative removal orders").  As a result, any habeas petition under § 2241 seeking judicial review of a removal order after REAL ID was enacted "must be dismissed; it can be neither entertained nor transferred [to the court of appeals]." *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) (per curiam).

There is a limited exception to the jurisdiction-stripping provision, which allows judicial review for certain expedited removal determinations in habeas corpus proceedings seeking a determination of:

> (A)  whether the petitioner is an alien;
>
> (B)  whether the petitioner was ordered removed under [the expedited removal] section, and
>
> (C)  whether the petitioner . . . is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title.

8 U.S.C. § 1252(e)(2).  Petitioner does not contend that his petition fits within this limited exception.    Instead, petitioner contends that the jurisdiction-stripping provision in § 1252(a)(2) violates the Suspension Clause as applied to him.[3]

Petitioner's argument lacks merit.  To avoid Suspension Clause problems, the REAL ID Act permits judicial review in the federal courts of appeals over "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(D); *see also Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (noting that "[t]he REAL ID Act clarified that final orders of removal may not be

---

[3] The Suspension Clause of the United States Constitution states: "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

reviewed in district courts, even via habeas corpus [in all but limited cases], and may be reviewed only in the courts of appeals.")(citing § 1252(a)(5)). The Supreme Court has explained that the purpose of jurisdictional limitations on review of removal orders "is to 'give some measure of protection . . . to discretionary determinations' of the Attorney General, and to prevent 'separate rounds of judicial intervention outside the streamlined process that Congress has designed.'" *Chapinski v. Ziglar*, 278 F.3d 718, 721 (7th Cir. 2002) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 (1999)). The Supreme Court has further clarified that the Suspension Clause applies only to those "core" habeas claims seeking release from custody, which fell within the scope of habeas release "when the Constitution was drafted and ratified." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (quoting *Boumediene v. Bush*, 553 U.S. 723, 746 (2008)). It does not include claims seeking relief from removal in the immigration context. *Id*. at 116-17 (holding that the federal statute limiting habeas review of expedited removal proceedings does not violate the Suspension Clause, which does not contemplate a right to "enter or remain in a country or to obtain administrative review potentially leading to that result."). Thus, the Suspension Clause does not help petitioner.

Because the petition does not fit within the limited exception for judicial review found in § 1252(e)(2), this action must be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

4

ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition under 28 U.S.C. § 2241 filed by petitioner Haiping Pan (dkt. #1) is DISMISSED without prejudice for lack of jurisdiction.

2) Petitioner's motion to correct the caption and for expedited review (dkt. #3) is DENIED as MOOT.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 20th day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5